IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,532






EX PARTE JOSE LUIS PARRA-TELLES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-07-07326-CR(1) IN THE 284TH JUDICIAL DISTRICT COURT


FROM MONTGOMERY COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to driving while
intoxicated and sentenced to thirty-five years' imprisonment. The Ninth Court of Appeals affirmed
his conviction. Parra-Telles v. State, No. 09-08-00064-CR (Tex. App. - Beaumont, February 25,
2009). 

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel failed to timely notify Applicant that his conviction had been affirmed, and of his
right to petition this Court for discretionary review pro se. 

 Appellate counsel filed an affidavit with the trial court, in which he states that he advised
Applicant of his right to petition this Court for discretionary review by way of a letter in which he
also informed Applicant that he was filing an Anders brief, and of Applicant's right to file a pro se
response. Appellate counsel states that Applicant was advised of the court of appeals' decision and
sent a copy of the appellate opinion by the court of appeals. However, there is nothing in the record
to indicate when or how Applicant was advised of the court of appeals' decision and opinion. This
Court has noted that the duty to send the client a copy of the court of appeals's decision "exists after
the court of appeals has granted counsel's motion to withdraw. This informational duty could have
been placed upon the appellate courts themselves, but because counsel is usually better informed
about his former client's whereabouts, it has been placed on his shoulders." In re Schulman, 252
S.W.3d 403, 412 n.32 (Tex. Crim. App. 2008). We find, therefore, that Applicant is entitled to the
opportunity to file an out-of-time petition for discretionary review of the judgment of the Ninth
Court of Appeals in Cause No. 09-08-00064-CR that affirmed his conviction in Case No. 07-07-07326-CR(1) from the 284th Judicial District Court of Montgomery County. Applicant shall file
his petition for discretionary review with the Ninth Court of Appeals within 30 days of the date on
which this Court's mandate issues.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex.
Crim. App. 1997).




Delivered: April 6, 2011

Do not publish